**Marty REEVES, Plaintiff,**

v.

**Michael P. LANE, et al., Defendants.**

**No. 83 C 7016.**

United States District Court,
N.D. Illinois, E.D.

May 31, 1985.

---

848

Marty Reeves, pro se.

Blair & Prempas, Westchester, Ill., for plaintiff.

Norman B. Berger, Office of the Atty. Gen., for defendants.

## DECISION

McMILLEN, District Judge.

Plaintiff has sued the Director of the Illinois Department of Corrections, the Warden of Sheridan Correctional Center and various subsidiary correctional officers at that institution for an alleged violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. He alleges that he was sentenced to solitary confinement for eight days without running water in his cell, sustaining loss of health and high blood pressure. Plaintiff seeks $500,000 damages. He is no longer an inmate at Sheridan.

Defendants have filed a motion for summary judgment, supported by numerous documents including extracts from plaintiff's deposition. The undisputed facts are that, although there was no running water in plaintiff's cell, he was allowed to go to the gymnasium every day between 5:00 o'clock a.m. and 8:00 o'clock a.m., that he was allowed to take a shower every day for thirty minutes and did so, that he had a visitor one evening who gave him a soda, and that he visited the medical unit on two occasions for matters unrelated to dehydration. During these periods of time, he had unlimited access to drinking water. He also could use the toilet in his cell, although it backed up.

Plaintiff has filed no counteraffidavits, and defendants have filed no statement of uncontested facts as such. They did file a statement in their motion for summary judgment on December 20, 1984 that the foregoing facts are not disputed. Plaintiff's attorney filed a "counter memorandum" on February 4, 1985 which contends that being deprived of water from 10:00 o'clock a.m. until 6:00 o'clock a.m. the following morning is cruel and unusual punishment.

We do not believe that the foregoing scenario rises to the level of shocking the conscience of any reasonable citizen. *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). After all, plaintiff was in solitary confinement by virtue of his own wrongdoing, and the "totality of the conditions" which are summarized above do not show intentional or even reckless disregard of his well-being. He did receive adequate food and medical attention. The lack of drinking water is *de minimus* in view of the other attention and privileges which plaintiff received while in confinement. *Madyun v. Thompson,* 657 F.2d 868 (7th Cir.1981).

If deprivation of drinking water were intentionally imposed upon the plaintiff as a punishment, we might rule differently. If the prison authorities failed to reestablish the flow of water in plaintiff's sink or failed to move him to a cell which had running water, this might possibly constitute negligence for which he has an adequate remedy under the common law of Illinois. To elevate these circumstances into a violation of the United States Constitution, however, in our opinion is not justified. At least it is not justified to the extent of submitting this controversy to a jury.

Therefore, the motion of the defendants for summary judgment is granted and judgment is entered in favor of defendants, without costs.